IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHLEIGH TAYLOR,

                Plaintiff,

      v.

CORY SMITH,

                Defendant,

2:25-CV-00212-CCW

## OPINION

Before the Court is Defendant Cory Smith's Motion to Dismiss Plaintiff Ashleigh Taylor's First Amended Complaint ("FAC"). ECF No. 15. For the reasons set forth below, the Court will deny the Motion.

### I.    Factual Background

This is the second case brought by Ms. Taylor arising from her arrest on February 14, 2023 during a child support hearing in the Lawrence County Court of Common Pleas. ECF No. 1; *see also Taylor v. Lawrence Cnty. Domestic Rel. Section*, No. 2:23-cv-01321-CCW, (W.D. Pa.) ("*Taylor I*"), ECF Nos. 3, 4. During that hearing, Ms. Taylor was found to be in contempt of her domestic relations order and was taken into custody by officers of the Lawrence County Domestic Relations Section, including Detective Cory Smith, the Defendant in this case. ECF No. 5 at 3–4. Ms. Taylor alleges that she informed the arresting officers that, due to an existing shoulder injury, she was unable to place her hands behind her back to be handcuffed. *Id.* at 4. Ms. Taylor further alleges that the arresting officers nevertheless placed her in handcuffs with her hands behind her back and, while escorting her out of the courtroom, repeatedly pulled down on the handcuffs causing her extreme pain and injury to her shoulder. *Id.* at 4–5.

On July 24, 2023, Ms. Taylor, proceeding *pro se*, filed *Taylor I*, her first case in this Court related to her February 14, 2023 arrest. *Taylor I*, ECF Nos. 3, 4. In *Taylor I*, Ms. Taylor named the Lawrence County Domestic Relations Section ("Lawrence County DRS") as defendant and, bringing claims under 42 U.S.C. § 1983, alleged that the Lawrence County DRS used excessive force when taking her into custody in violation of the Fourth, Eighth, and Fourteenth Amendments. *Taylor I*, ECF No. 3 at 3. Lawrence County DRS moved to dismiss the complaint, asserting that it was barred by Eleventh Amendment state sovereign immunity and that it was not a "person" subject to suit under § 1983. *Taylor I*, ECF No. 12. On June 25, 2023, this Court ruled that the Lawrence County DRS was entitled to immunity under the Eleventh Amendment and dismissed Ms. Taylor's complaint with prejudice. *Taylor I,* ECF Nos. 23, 24.

On February 13, 2025, acting through counsel, Ms. Taylor filed the instant lawsuit in this Court ("*Taylor II*"), naming Lawrence County Domestic Relations Detective John Doe in both his personal and official capacities as defendant and alleging that "Detective Doe is believed to be Detective Cory Smith." ECF No. 1 ¶ 2.

Ms. Taylor then filed the FAC, naming Detective Cory Smith as defendant in both his personal and official capacities. ECF No. 5 ¶ 3. The parties filed a joint stipulation to dismiss Mr. Smith as a defendant in his official capacity, ECF No. 13, and the Court entered an order doing so. ECF No. 14. Like the *Taylor I* complaint, the *Taylor II* FAC brings claims under 42 U.S.C. § 1983 and alleges that Ms. Taylor was subject to unnecessary and excessive force while being taken into custody by the Lawrence County DRS on February 14, 2023. ECF No. 5 ¶¶ 12–23. As in *Taylor I*, the FAC alleges that Ms. Taylor was handcuffed with her arms behind her back over her objections that doing so would exacerbate an existing shoulder injury and that the arresting officer—Mr. Smith—repeatedly pulled down on the handcuffs while leading her out of the

courtroom, causing extreme pain and further injuring her shoulder. *Id.* The FAC further alleges

that, after injuring Ms. Taylor, Mr. Smith "refused to provide her with proper medical care." ECF

*Id.* at ¶ 23.

Mr. Smith now moves to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, arguing this Court's prior dismissal of *Taylor I* bars the instant action under

the doctrine of res judicata. ECF No. 15. The Motion is fully briefed and ripe for resolution. ECF

Nos. 16, 18, 19.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's

factual allegations and views them in the light most favorable to the plaintiff. See *Phillips v. Cnty.*

*of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed

factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the

elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough

to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to

relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*,

550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step

process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must
> plead to state a claim." Second, the court should identify allegations

> that, "because they are no more than conclusions, are not entitled to
> the assumption of truth." Finally, "where there are well-pleaded
> factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement for
> relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in Twombly and Iqbal, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss").

## III.    Legal Analysis

In his Motion, Mr. Smith asserts that *Taylor II* is barred by the doctrine of res judicata. ECF No. 16 at 3–6.  Ms. Taylor contends that res judicata is not applicable.  ECF No. 18 at 2–3. Because the Court agrees with Ms. Taylor that the dismissal of *Taylor I* was not a final adjudication on the merits, it finds that res judicata does not preclude the instant action.  The Court will therefore deny the Motion.

The doctrine of res judicata, or claim preclusion, bars a plaintiff from "initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).  The party invoking res judicata "must establish three elements:  (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney*, 621 F.3d at 347.

Mr. Smith argues Ms. Taylor "has already filed a lawsuit that included the claim set forth within the Amended Complaint," that the prior lawsuit "was dismissed on the merits," and that "[p]rivity exists between the sole Defendant . . . in this matter and the Defendant . . . in the initial litigation." ECF No. 15 ¶ 9. Ms. Taylor contends that none of the three elements necessary to invoke res judicata are present. ECF No. 18 at 2–4. Specifically, Ms. Taylor argues that the two lawsuits involve "different causes of action," that Mr. Smith "was not a party or in privity" with any of the *Taylor I* parties, and that the dismissal of *Taylor I* on Eleventh Amendment sovereign immunity grounds was "jurisdictional and not on the merits for res judicata purposes." ECF No. 18 at 2–4. The Court will consider each of the three elements necessary to invoke res judicata in turn.

### A.    *Taylor II* is Based on the Same Cause of Action as *Taylor I*.

Mr. Smith asserts that the FAC "raise[s] the same claim" that this Court dismissed in *Taylor I.* ECF No. 16 at 4–5. Ms. Taylor argues that *Taylor I* and *Taylor II* involve "[d]ifferent [c]auses of [a]ction" because, while "[t]he prior suit was against a governmental entity . . . the claims in this case arise from Defendant's personal conduct during Plaintiff's arrest[.]" ECF No. 18 at 4.

The Court agrees with Mr. Smith that *Taylor I* and *Taylor II* are based on the same cause of action. This analysis "does not depend on the specific legal theory invoked, but rather 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir.1982)); *United States v. Althlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984) ("[T]he focal points of our analysis are whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same."). Put differently, "res judicata

bars not only claims that were brought in the previous action, but also claims that could have been brought." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009).

In both *Taylor I* and the FAC, Ms. Taylor complains of the excessive force Lawrence County DRS officers allegedly deployed when taking her into custody on February 14, 2023. *Taylor I*, ECF Nos. 2, 4; ECF No. 5. In both lawsuits, Ms. Taylor alleges that an arresting officer handcuffed her behind her back over her objections that doing so would exacerbate an existing shoulder injury and that the officer proceeded to pull down on the handcuffs in a manner that caused her serious pain and injury while escorting her out of the courtroom. *Taylor I*, ECF Nos. 4–5; ECF No. 5. Ms. Taylor correctly points out that her "prior suit was against a governmental entity barred by immunity" while the instant action "is against Smith in his personal capacity for his own conduct." ECF No. 18 at 4. But that distinction has no bearing on whether the two lawsuits are based on the same cause of action. Because both *Taylor I* and *Taylor II* are based on the same underlying events—the excessive force that Ms. Taylor alleges was used to arrest her at the Lawrence County Court of Common Pleas on February 14, 2023—the Court finds that both lawsuits are based on the same cause of action.

### B.    Privity Exists Between the *Taylor I* and *Taylor II* Defendants.

*Taylor I* named the Lawrence County DRS as defendant, while the FAC names Mr. Smith as defendant in both his personal and official capacity. Nevertheless, "res judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972). Mr. Smith argues there is privity between the parties because Lawrence County DRS employed Mr. Smith. ECF No. 16 at 5. Ms.

Taylor contends that "[p]rivity requires a substantive legal relationship or significant control over the prior litigation, not mere employment."  ECF No. 18 at 4.

The Court finds that privity exists between Mr. Smith and the Lawrence County Domestic Relations Section.  Courts have regularly found privity between employers and their employees when a plaintiff, after unsuccessfully bringing suit against an employer-defendant, asserts the same claim in a new suit against the employer-defendant's employee.  *Russomanno v. Dugan*, No. CV 20-12336, 2021 WL 1748135, at *3 (D.N.J. May 4, 2021) (finding privity between employer-defendant in first lawsuit and employee-defendant in second lawsuit brought by same plaintiff asserting same claim), *aff'd*, No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021).  The Court is also mindful that "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991).  Accordingly, the Court finds that both of Ms. Taylor's lawsuits involve the same parties or their privies.

### C.    The Dismissal of Prior Lawsuit on Sovereign Immunity Grounds Was Not a Final Judgment on the Merits.

Turning to the third factor in the res judicata analysis, Mr. Smith argues that this Court's dismissal of *Taylor I* was a final adjudication on the merits of Ms. Taylor's claim.  ECF No. 16 at 5.  Ms. Taylor contends that the dismissal of *Taylor I* on Eleventh Amendment immunity grounds was jurisdictional and therefore not on the merits for res judicata purposes.  ECF No. 18 at 3.

Courts are divided as to whether a prior dismissal based on Eleventh Amendment state sovereign immunity operates as a final judgment on the merits sufficient to preclude a subsequent lawsuit based on the same claim.  *Adams v. Bosco*, No. 98 CV 8737 (RO), 1999 WL 165691, at *1 (S.D.N.Y. Mar. 25, 1999) ("[T]he case law has some divergence on whether a dismissal for sovereign immunity under the Eleventh Amendment constitutes a final judgment on the merits, it

is not clear that res judicata is applicable here.")  A closely related question on which Courts also diverge is whether a dismissal based on Eleventh Amendment state sovereign immunity is jurisdictional.  *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 391 (1998) (whether "Eleventh Amendment immunity is a matter of subject matter jurisdiction [is] a question we have not decided"); *compare Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 821 n.8 (9th Cir. 2001) ("[T]he Eleventh Amendment is more appropriately considered an affirmative defense than a jurisdictional bar"), *with Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 683 n. 12 (4th Cir. 2000) ("Eleventh Amendment immunity is jurisdictional in nature.").  If dismissals based on Eleventh Amendment state sovereign immunity are jurisdictional, then such dismissals are not final adjudications on the merits.  *See* Fed. R. Civ. P. 41 ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits.") (emphasis added).

While the Third Circuit has not addressed whether a dismissal based on state sovereign immunity is a final adjudication on the merits for purposes of res judicata, this Court is persuaded that such dismissals are jurisdictional and therefore not final adjudications for purposes of res judicata.  In *Blanciak v. Allegheny Ludlum Corp.*, the Third Circuit considered an appeal of the District Court's order granting summary judgment to Defendants based on Eleventh Amendment Sovereign Immunity.  77 F.3d 690, 694 (1996).  In affirming the District Court's grant of summary judgment, the Court expressly noted that, "[a]lthough defendants brought their Eleventh Amendment objection by way of a motion for summary judgment under Fed.R.Civ.P. 56(b), the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction. Accordingly, the motion may properly be considered a motion to dismiss the

complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Blanciak*, 77 F.3d at 693 n.2 (internal citation omitted).  Because the Third Circuit has said that Eleventh Amendment sovereign immunity is jurisdictional, this Court concludes that dismissals based on Eleventh Amendment sovereign immunity are not final adjudications on the merits.

This approach is consistent with a "number of federal appellate courts [that] have concluded that a dismissal based on Eleventh Amendment immunity is not a dismissal on the merits for res judicata purposes." *Leftridge v. Matthews*, No. CIV.A. ELH-11-3499, 2012 WL 1377060, at *5 (D. Md. Apr. 18, 2012) (citing *Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987) ("[T]he dismissal was on eleventh amendment grounds.  We affirm this dismissal, expressly noting that it does not constitute a judgment on the merits.")); *see also, Burrell v. Armijo*, 456 F.3d 1159, 1166 (10th Cir. 2006) ("[U]nder Fed. R. Civ. P. 41(b) and Tenth Circuit precedent, a dismissal for lack of jurisdiction (*such as sovereign immunity*) did not operate as a final adjudication on the merits under res judicata principles.") (emphasis added); *In re Elias*, 216 F.3d 1082 (9th Cir. 2000) ("A dismissal for sovereign immunity, however, is based on jurisdictional grounds; therefore, it is not a decision on the merits for res judicata purposes, at least as to parties other than the state.").  Because the dismissal of *Taylor I* was not a final adjudication on the merits, res judicata does not preclude *Taylor II*.  Accordingly, the Court will deny Mr. Smith's Motion.

**IV.     Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss will be DENIED, as further set forth in the accompanying order.

DATED this 27th day of October, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record